UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASMINE NOBLE,

        Plaintiff,

                              Case No. 14-CV-12588

v.                             HON. GEORGE CARAM STEEH
                              MAG. JUDGE PATRICIA T. MORRIS

COMMISSIONER
OF SOCIAL SECURITY,

        Defendant.
_____/

**ORDER AFFIRMING ADMINISTRATIVE LAW JUDGE'S DECISION, REJECTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S OBJECTIONS (Doc. 19), GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. 15), AND DENYING <u>PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DOC.13)</u>**

Plaintiff Jasmine Noble seeks judicial review of the Administrative Law Judge's ("ALJ") finding that Plaintiff is not disabled and the Commissioner's denial of Plaintiff's claim for Supplemental Security Income ("SSI") under Title XVI, 42 U.S.C. § 1381 *et seq*. The parties filed cross motions for summary judgment in this court which were referred to a magistrate judge who issued a report and recommendation that the case be remanded to the Commissioner for further proceedings under 42 U.S.C. § 405(g). The court has reviewed the file, record, and magistrate judge's report along with Defendant's objections to the magistrate's report and recommendation, and the Plaintiff's response to Defendant's objections.

In her report and recommendation, the magistrate judge concludes that the Commissioner's determination that the Plaintiff is not disabled is unsupported by substantial evidence. The magistrate judge found that the ALJ erred because she: (1)

-1-

relies almost exclusively on Plaintiff's ability to independently raise her children in determining that Plaintiff had no deficit in adaptive functioning; and (2) in reaching her conclusion, the ALJ improperly discredits statements that Plaintiff had help raising her children. For the reasons set forth below, this court shall affirm the Commissioner's decision.

## FACTUAL BACKGROUND

On September 22, 2011, Plaintiff filed an application for supplemental security income alleging disability beginning January 1, 1997. The claim was initially denied on February 23, 2012. The Plaintiff appeared and testified at a hearing on the matter. The ALJ ruled that the Plaintiff was not disabled and denied her application. The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. Plaintiff then sought judicial review of the Commissioner's unfavorable decision which is the matter pending here.

In 1997, when the Plaintiff was in fifth grade, school records indicate that she was placed in an individualized educational program due to disruptive behavior both inside and outside the classroom. (Tr. at 219.) She was identified as having problems with reading and vocabulary. (Tr. at 222.) The team report recommending the Plaintiff be placed in this program found that the Plaintiff's issues were not the result of mental retardation. (Tr. at 225.) School Psychologist Dr. Michaele Jaime, Ed.D., issued a Wechsler Intelligence Test on which the Plaintiff scored an 84 on verbal, 53 on performance, and a full scale score of 67. (Tr. at 230.)

By 1999, in seventh grade, the Plaintiff had rejoined some regular education classes. (Tr. at 255.) She was failing one class, but earned B's and a C in her others.

(Tr. at 259.)  By her 8th grade year, Plaintiff was placed in a "Regular Diploma Program" rather than a "Special Education Alternate Strategy Program."  (Tr. at 267-68.)  However, the Plaintiff tested at a third grade level in Mathematics.  (Tr. at 280.)

In September 2000 a team report again found that mental retardation and emotional disturbance were not the primary cause of the Plaintiff's continuing discrepancy between her achievement and her intellectual ability.  School Psychologist Dr. T. Michael Knack, Ph.D. examined the Plaintiff who scored 89 in verbal, 79 in performance and a full scale score of 83 on the Wechsler Intelligence Test.  (Tr. at 288.)  Dr. Knack believed that the Plaintiff's previous scores were probably a very low estimate of her performance abilities.  (Tr. at 289.)

In 2002, while in ninth grade, Plaintiff had a child and later returned to school.  At the time the medical report indicated that she lived with her siblings and mother who "helps a lot with the baby especially when [Plaintiff] is in school."  (Tr. at 434.)  By April of 2004, Plaintiff reported that she was taking GED classes and "doing well."  (Tr. at 301.)

During a 2005 examination with Dr. Mark Zaroff, Ph.D., plaintiff "denied any functional deficits and stated she is able to count money and use math in daily life adequately."  (Tr. at 300.)  Plaintiff claimed that she dressed her son, fixed him breakfast, played with him, attended GED classes, watched television, studied, cooked her own meals, and took care of her own money, although she denied making any.  *Id*.  On the Wechsler Intelligence Scale she scored 71 on verbal, 64 on performance, and her full scale score was 65.  (Tr. at 303.)  In this report, Plaintiff's mother denied Plaintiff

was responsible for money. (Tr. at 304.) Dr. Zaroff diagnosed Plaintiff with "Mild Mental Retardation." (Tr. at 305.)

In October of 2010, Plaintiff was examined by Dr. Vinod Thomas, M.D. Plaintiff was diagnosed with depression and prescribed antidepressants. (Tr. at 492.) In 2010, Plaintiff again complained of depression during an examination with Dr. Bruce Fowler, Psy.D. (Tr. at 465.) During this examination, Plaintiff received a full scale IQ score of 50. (Tr. at 469.) Dr. Fowler stated that this test was not an accurate measure of Plaintiff's abilities because her responses were cavalier. *Id.*

In early 2012, Plaintiff was examined by Dr. Leon Austin, Ph.D. (Tr. at 588.) She reportedly arrived alone, driving someone else's car. *Id.* During this examination Plaintiff claimed she took care of her children during the day and shared responsibilities for cooking and household chores with her sibling. (Tr. at 558-59.) Although Plaintiff completed tasks of multiplication and division, Dr. Austin diagnosed Plaintiff with Mild Mental Retardation. (Tr. at 561.)

After a car accident in April 2012, Plaintiff was diagnosed by Dr. C.A.N. Rao, M.D., with bipolar disorder. (Tr. at 593.) This diagnosis was repeated along with the addition of psychosis in a sparsely noted therapy session from 2012. (Tr. at 613.)

In October 2010, Plaintiff filled out an Adult Function Report as part of her SSI application. She marked that she lived with family. (Tr. at 159.) She claims she got her children ready for school and cooked dinner. (Tr. at 160.) She also marked that she did not take care of any dependents and that others helped her take care of her children by washing clothes and sometimes cooking. (Tr. at 160.) She claimed that depression sometimes stopped her from bathing or dressing. *Id.* She also claimed to need

reminders about personal care and taking medicine. (Tr. at 161.) She wrote that she did no chores, but also indicated that she needed encouragement to complete them. *Id.* She claimed she could leave the house independently, could drive, and shopped for food and clothes. (Tr. at 162.) She reported she could pay bills, count change, handle a savings account and use a checkbook. *Id.* She claimed her impairments affected walking, completing tasks, concentrating, understanding, following instructions, and relating to others. (Tr. at 164.)

The following year, Plaintiff's mother filled out a similar form. Plaintiff's mother stated that Plaintiff took care of her children with no help. (Tr. at 172.) Plaintiff's mother states Plaintiff needed reminders to take medicine and other tasks and did not always attend to personal care. (Tr. at 172-3.) Plaintiff was said to cook, wash dishes, pay bills, count change, but not handle a savings account or a checkbook. (Tr. at 173-4.)

At the administrative hearing on November 28, 2012, plaintiff testified that her only work experience came through a community program called "Work First" that she participated in after dropping out of school. (Tr. at 38.) Plaintiff characterized this work as volunteer work which included cleaning a nursing home. (Tr. at 40.) Plaintiff also reported that her family helps her raise her children. (Tr. at 41.) Plaintiff reports that on a normal morning she would help her children with their clothes, but her mother or sister would come over at night and help sort the clothes for the week. (Tr. at 44-45.) Plaintiff stated that her father would take the children to school. (Tr. at 45.) Plaintiff also claims that she registered her children for school and attended parent-teacher meetings. (Tr. at 51-52.) Plaintiff states that she lived alone with her children for the past two years, that she cooked dinner and shopped for groceries, but that her mother prepared the

grocery lists. (Tr. at 51.) She reports paying some bills on her own, but having help sometimes, while having no checking or savings account. (Tr. at 47-48.)

Considering the information given at this hearing, a vocational expert testified the Plaintiff had no physical restrictions and could perform work such as custodian positions, labor positions or dishwasher positions. (Tr. at 62.)

## STANDARD OF LAW

"A judge of the court shall make a *de novo* determination of those portions of a report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.* A district court may affirm, modify, or reverse the Commissioner's decision, with or without remand. *See* 42 U.S.C. § 405(g). Findings of fact by the Commissioner are conclusive if supported by substantial evidence. *Id.* The court must affirm the decision if it is "based on [an appropriate] legal standard and is supported by substantial evidence in the record as a whole." *Studaway v. Sec'y of Health & Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted); *see also Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted) (explaining that if the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion"); *Mullen v. Bowen*,

800 F.2d 535, 545 (6th Cir.1986) (en banc) (internal quotation marks and citation omitted) (noting that the substantial evidence standard "presupposes ... a zone of choice within which the decisionmakers can go either way, without interference by the courts").

## ANALYSIS

The issue in this case is whether the ALJ properly found that Plaintiff is not disabled under section 1614(a)(3)(A) of the Social Security Act. Disability is to be determined through the application of a five-step process. 20 C.F.R. §§ 404.1520. At step three the Commissioner must determine whether the claimant's impairment or combination of impairments is severe enough to meet or medically equal one of the listings in 20 C.F.R. Pt. 404, Subpt. P, App. 1. Plaintiff alleges that at step three the ALJ erred in finding that she did not meet listing 12.05(C). For the following reasons, this Court affirms the ALJ's decision.

1. The ALJ's Finding That Plaintiff Has No Deficit in Adaptive Functioning is Supported by Substantial Evidence.

To satisfy listing 12.05(C), and to thus be considered intellectually disabled, a claimant must show that she:

1. experiences subaverage general intellectual functioning with deficits in adaptive functioning that initially manifested during the developmental period;

2. has a verbal, performance, or full-scale IQ of 60 through 70; and

3. suffers from physical or other mental impairment imposing an additional and significant work-related limitation on function.

*Turner v. Comm'r of Soc. Sec.*, 381 F. App'x 488, 491 (6th Cir. 2010).

In this case, the ALJ found that the Plaintiff did not meet the first element of listing 12.05(C) because she failed to establish a deficit in adaptive functioning. (Doc. 18 at 15-16). To meet the adaptive functioning deficit of listing 12.05(C), courts look to "claimant's effectiveness in areas such as social skills, communication, and daily living skills." *West v. Comm'r. of Soc. Sec.*, 240 F. App'x 692, 698 (6th Cir. 2007); *see Heller v. Doe,* 509 U.S. 312, 329 (1993).

In her report, the magistrate judge found that the ALJ based her finding almost exclusively on Plaintiff's ability to independently raise her three children. (Doc. 18 at 36-38). More accurately, the ALJ did not base her decision solely on Plaintiff's ability to raise her children, but rather, the ALJ found other valid signs of adaptive functioning, e.g., (1) living alone, (2) attending GED classes, (3) cooking, (4) doing housework, (5) counting money, (6) doing basic math, (7) achieving average grades in school, (8) driving, and (9) shopping by herself. (Tr. 16, 18, 20; see Tr. 44-60, 172-75, 301, 466-67, 559, 592); *see also* 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing § 12.00 (C)(1) (defining adaptive activities to include cleaning, cooking, shopping, paying bills, maintaining a residence). Although these activities were not specifically mentioned in the ALJ's adaptive functionality analysis, they were mentioned in other sections of his opinion and should be considered in assessing whether substantial evidence supports the ALJ's decision. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001) (courts may use any evidence in the record to determine if the ALJ's decision is supported by substantial evidence); *Rice v. Barnhart*, 384 F.3d 363, 370 n.5 (7th Cir. 2004) ("it is proper to read the ALJ's decision as a whole. . . it would be a needless

formality to have the ALJ repeat substantially similar factual analyses" in different parts of the decision.).

The magistrate judge also concludes that independently raising children does not by itself provide sufficient evidence to establish adaptive functioning. *Id.* Although the ALJ considered other factors in reaching her conclusion that Plaintiff failed to establish a deficit in adaptive functioning, courts have found that a claimant's ability to independently raise her children can establish adaptive functioning. In *Novy v. Astrue*, the Seventh Circuit found the ALJ was on firm ground when he held that the claimant could cope with the challenges of everyday life because she "lives on her own, taking care of three children . . . without help, feeding herself and them, taking care of them sufficiently well that they have not been adjudged neglected and removed from her custody by the child-welfare authorities, paying her bills, avoiding eviction." 497 F.3d 708, 710 (7th Cir. 2007); *see also Jones v. Comm'r. of Soc. Sec.*, No. 1:08-cv-562, U.S. Dist. LEXIS 100123, at *16 (W.D. Mich. Sept. 8, 2009). That court further held that the ALJ was entitled to conclude that although the claimant's intellectual limitations pose serious challenges to her ability to raise her family on her own, she has "been able overcome those challenges well enough that she should be able to hold down a full-time job. . ." *Novy,* 497 F.3d at 710.

If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion." *Cutlip*, 25 F.3d at 286. Substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers,* 486 F.3d at 241. Similar to the Second

Circuit in *Novy*, this Court finds that reasonable minds might conclude that Plaintiff could sufficiently function in areas such as social skills, communication, and daily living skills based on her ability to independently take care of herself and her children. *Novy*, 497 F.3d at 710.

For the foregoing reasons, this Court holds that the ALJ's finding that the Plaintiff had no deficit in adaptive functioning is based on substantial evidence, within the ALJ's zone of choice, and therefore must be affirmed.

2. The ALJ Was Within Her Zone Of Choice When She Found That The Plaintiff Raised Her Children Independently.

There was conflicting evidence as to whether or not the Plaintiff raised her children independently. (Doc. 18 at 46). The Plaintiff testified that she helps her children get dressed, helps prepare their meals, and has always been able to care for them. (ALJ Decision at 16). The Plaintiff also testified that she receives help from her mother, father and sister. *Id.* By contrast, in a 2012 psychiatric report, the Plaintiff said that she had no help raising her children. *Id.* In 2005, Plaintiff also reported that her mother watched her son while she attended GED classes. *Id.* However, Plaintiff's mother indicated in her supporting application that no one assisted Plaintiff with her dependents. (Doc. 18 at 46).

"It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers*, 486 at 247. As such, the findings of fact made by the Commissioner, if supported by substantial evidence, are conclusive. *Garner v. Heckler*, 745 F.2d 383, 387-88 (6th Cir. 1984); see also 42 U.S.C. § 405(g). The Sixth Circuit also held that "the existence of substantial evidence supporting the

opposite conclusion [from that reached by the Commissioner] will not be enough to overturn the ALJ's findings if they too have substantial support." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

In her report and recommendation, the magistrate judge recognizes that this evidence points in both directions. (Doc. 18 at 46). This Court determines that the ALJ properly weighed the conflicting evidence as to whether or not the Plaintiff raised her children on her own. Statements made by the Plaintiff and her mother indicating the Plaintiff raised her children with no help are substantial evidence such that a reasonable mind might conclude from them that the Plaintiff did, in fact, raise her children independently, notwithstanding other conflicting statements. As such, the ALJ's determination was within the zone of choice, and is conclusive.

## CONCLUSION

The ALJ's decision is supported by substantial evidence and is therefore AFFIRMED.

IT IS FURTHER ORDERED that the court REJECTS the magistrate judge's report and recommendation. Defendant's objections (Doc. 19) are GRANTED, defendant's motion for summary judgment (Doc. 15) is GRANTED, Plaintiff's motion for summary judgment (Doc 13) is DENIED, and Plaintiff's claim is DISMISSED with prejudice.

**IT IS SO ORDERED.**

Dated: August 18, 2015

                                               s/George Caram Steeh
                                               GEORGE CARAM STEEH
                                               UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 18, 2015, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk